IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNDERWATER ALERT SYSTEM LLC, an Illinois limited liability company | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| MARES S.P.A., | ) ) ) | |
| Defendant. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Underwater Alert System LLC ("UAS"), through its attorney, Matthew Wawrzyn and Isaac Rabicoff, complains of Defendant Mares S.p.A. ("Mares") as follows:

**THE PARTIES**

1. Plaintiff Underwater Alert System LLC is an Illinois limited liability company.

2. Mares is an Italian corporation with its U.S.-based headquarters at 902 Clint Moore RD #208, Boca Raton, Florida.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

4. UAS is the owner of all right, title, and interest in United States Patent No. RE42,218, entitled "Underwater Alert System" ("the '218 patent"), and, thus, has standing to sue for infringement of this patent. A true and correct copy of the '218 patent is attached hereto as Exhibit A.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Mares because it does and has done substantial business in this judicial district, including transacting business in this judicial district, at least by offering to sell, selling and/or advertising infringing dive computer products in such a way as to reach customers in Illinois and in this judicial district through authorized dealers located in this judicial district, such as Underwater Safaris in Chicago, Illinois; Scuba Systems, LTD in Skokie, Illinois; and Reg Tech in Skokie, Illinois. Both Skokie-based authorized dealers are Mares Lab service-centers, which provide tailored services for Mares diving products and requires specialized training and certification by Mares to receive this designation.

7. Mares' diving products are also marketed and sold via the Internet through the website www.mares.com, as well as other third party websites such as www.amazon.com, www.leisurepro.com, and shopping.google.com.

8. Mares has, consequently, committed acts of infringement in this judicial district.

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial District, and Mares has committed acts of infringement in this District.

**BACKGROUND FACTS**

10. Daniel J. Magine is the inventor on the '218 patent, entitled "Underwater Alert System," which issued on March 15, 2011. The '218 patent is a reissue patent of U.S. Patent No. 6,856,578 ("the '578 patent"). The '218 patent includes claims that are identical to claims that were originally found in the '578 patent.

11. The '218 Patent generally describes and claims, among other things, a system that allows one diver to monitor the tank pressure of another diver using wireless signaling technology. This includes claiming and describing an underwater alert system, where one diver

carries a transmitter that wirelessly transmits dive computer data about that diver's equipment to a receiver carried by another diver. (See, for example, claim 173 of Exhibit A).

12. In August of 2011, Magine sent a disclosure letter to M. Martin, employee of Mares. His submission included a copy of the '218 patent and an offer to license this patent. (August of 2011 Disclosure letter to Mares, April of 2013 email to Mares, and Mares' April of 2013 response is attached hereto as Group Exhibit B).

13. On April 15, 2013, after receiving no response from Mares, Magine emailed Luciano Stefani, employee of Mares, again attaching the '218 patent and offering a licensing arrangement. In this email, Magine suggested that Mares could incorporate features of his patent into the now-released Mares Icon HD. (Group Exhibit B).

14. On April 20, 2013, Stefani confirmed receiving Magine's email, and stated that he forwarded it to someone with "more competence." (Group Exhibit B).

15. To date, Magine has received no further correspondence from Mares.

**COUNT I: INFRINGMENT OF U.S. PATENT NO. RE42,218**

16. UAS realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

17. Mares has infringed and continues to infringe, literally and/or under the doctrine of equivalents, at least claims 140, 141, 166, 173, 175-180, 231-233, 236, 238-240 of the '218 patent in violation of 35 U.S.C. § 271(a) through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing dive computer products, including but not limited to the Mares Icon HD with Transmitter dive computers (the "Accused Products"). Mares has carried out these activities throughout the United States, including within this judicial district.

18. Mares has also committed and will continue to commit acts with knowledge of the '218 patent that constitute knowing and intentional inducement of infringement of the '218 patent in violation of 35 U.S.C. § 271(b). These acts include, without limitation, supplying the Accused Products with instructions on how to use the products in an infringing manner; providing warranties and technical support for the Accused Products; and providing promotional and marketing support. Mares has committed, and will continue to commit, these acts with knowledge of the '218 patent and with knowledge of infringement of the '218 patent by third parties.

19. Third parties, such as end users and authorized dealers of the Accused Products, also directly infringe the '218 patent in violation of 35 U.S.C. § 271(a) through their use, operation, sale, and offer for sale of the Accused Products. Mares intentionally induces infringement of at least claims 140, 141, 166, 173, 175-180, 231-233, 236, 238-240 of this patent.

20. Mares had actual notice of the '218 patent at least as early as August of 2011, the date upon which Magine notified Mares via email of the '218 patent. (See Group Exhibit B). On or before August of 2011, Mares knew or should have known that the services and products identified herein, including the Icon HD, would infringe one or more of the claims in the '218 patent.

21. Without permission or compensation to UAS, Mares decided to take UAS' inventions and utilize its patented technology in its Accused Products. On this basis, this infringement has been willful, deliberate, and in reckless disregard of UAS's patent rights.

22. UAS has complied with the provisions of 35 U.S.C. § 287 to the extent they are applicable.

23. Mares' infringement has injured UAS and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, together with interest and costs.

WHEREFORE, Plaintiff Underwater Alert System LLC respectfully asks this Court to enter judgment against Defendant Mares S.p.A. for infringement and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it, granting the following relief:

A. Mares has infringed and is infringing one or more claims of the '218 Patent;

B. Mares' infringement of one or more claims of the '218 Patent has been willful;

C. Mares accounts to UAS for damages adequate to compensate for Mares' infringement of the '218 Patent and that such damages be awarded to UAS, including pre-judgment and post-judgment interest;

D. UAS' damages be trebled as a result of Mares' willful infringement of the '218 Patent;

E. This case be adjudged an exceptional case pursuant to 35 U.S.C. § 285 and that the Court award UAS its expenses and attorneys' fees incurred in bringing and prosecuting this action; and,

F. UAS be awarded such further and additional relief as the Court deems just and proper.

### JURY DEMAND

Under Rule 38(b) of the Federal Rules of Civil Procedure, UAS respectfully request a trial by jury.

Respectfully submitted,

Date: <u>November 30, 2015</u>    <u>/s/ Isaac Rabicoff</u>
Counsel for Plaintiff

Matthew M. Wawrzyn
*mwawrzyn@siprut.com*
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, IL 60602
(312) 236-0000 (Telephone)
(312) 546-9963 (Facsimile)

Isaac Rabicoff
Rabicoff Law LLC
100 N Lasalle St, Suite 2400
Chicago, IL 60602
773-669-4459
isaac@rabilaw.com

4813-8186-9099, v. 1